IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

JOHN AND DEBORAH ROZELLE,
individuals,

        Plaintiffs,

v.

WELLS FARGO BANK, N.A.,
a national association,

        Defendant.

_____/

Case No.: 13-01C093-CI

## VERIFIED COMPLAINT

**COME NOW,** Plaintiffs, JOHN AND DEBORAH ROZELLE (hereinafter, "Plaintiffs"), by and through the undersigned counsel, and sue Defendant, WELLS FARGO BANK, N.A., (hereinafter, "Defendant"), and allege:

## PRELIMINARY STATEMENT

This is an action for damages brought by individual consumers for Defendant's violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA") and the Telephone Consumer Protection Act, 47 U.S.C. Section 227 (hereinafter, the "TCPA").

## JURISDICTION AND VENUE

1.    This is an action for damages that exceeds $15,000.00 exclusive of attorneys' fees and costs.

2.    Jurisdiction and venue for purposes of this action are conferred by Florida Statutes, Section 559.77.

3.    At all material times herein, the conduct of Defendant, complained of below, occurred in Pinellas County, Florida.

4.     At all times herein, Plaintiffs are individuals residing in Pinellas County, Florida.

5.     Defendant is a national association that, itself and through its subsidiaries, regularly extends credit to consumers in Pinellas County, Florida.

## GENERAL ALLEGATIONS

6.     At all times herein, Defendant is a "creditor" as defined by Florida Statutes, Section 559.55(3).

7.     At all times herein, Defendant attempts to collect a debt, specifically a home loan referenced by account number ending -0001 (hereinafter, "the Debt").

8.     At all times herein, the Debt was a consumer debt, incurred primarily for personal, household or family use.

9.     At all times herein, Defendant was a "person" as defined by the FCCPA, Florida Statutes, Section 559.55(3). *See Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

10.    At all times herein, Defendant's conduct, with regard to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55.

11.    At all times herein, Defendant acted itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors and insurers.

12.    All necessary conditions precedent to the filing of this action occurred or have been waived by Defendant.

## FACTUAL ALLEGATIONS

13.    At all times herein, Plaintiffs' cellular telephone number is 727.492.8567.

14.    At all times herein, it would have been possible for Defendant to avoid violating the terms of the TCPA.

15.     Defendant's telephone calls, as more specifically alleged below, were made to Plaintiff Deborah Rozelle's work telephone number (hereinafter, "work phone") and to Plaintiffs' cellular telephone number 727.492.8567 (hereinafter, "cellular phone") using an automatic telephone dialing system (hereinafter, "auto-dialer") or an artificial or pre-recorded voice.

16.     Defendant's calls were made in willful and knowing violation of the TCPA.

17.     Plaintiffs' are the owner, regular user, and possessor of a cellular telephone, with the assigned number 727.492.8567.

18.     As a direct result of Defendant's actions, as described herein, Plaintiffs have suffered severe stress, anxiety, inconvenience, and frustration, believing that the hiring of counsel regarding the Debt was altogether ineffective, and that the repeated, continual automatically-dialed Debt collection calls to Plaintiffs' cellular phone and work phones would simply have to be endured.

19.     On June 10, 2013, at approximately 8:30 a.m., Defendant called Plaintiff, Deborah Rozelle (hereinafter, "Mrs. Rozelle") at her place of employment using an auto-dialer from telephone number 1.800.944.4601 in an attempt to collect the Debt.

20.     During the immediately aforementioned call, Mrs. Rozelle spoke with Defendant's agent or representative, "Courtney," and notified Defendant of Undersigned Counsel's representation.  Mrs. Rozelle further stated that she was not able to speak with Defendant at work.

21.     On or about June 11, 2013, Undersigned Counsel provided Defendant with notice of representation of Plaintiffs with regard to the Debt via facsimile.

22.     Undersigned Counsel provided Defendant with Undersigned Counsel's contact information and instructed Defendant to cease communicating with Plaintiffs regarding the Debt

and to direct any future communications to Undersigned Counsel's office.

23.     By sending the written notice to Defendant, Undersigned Counsel further revoked Plaintiffs' consent – if such consent ever existed – to call Plaintiffs' cellular phone using an auto-dialer.  Please see attached a true and correct copy of said notice labeled as Exhibit "A1-A5."

24.     On or about June 14, 2013, Defendant called Mrs. Rozelle's place of employment on her work number, a total of three (3) times using an auto-dialer from telephone number 515.324.9377 in an attempt to collect the Debt.

25.     On or about June 17, 2013, at approximately 11:00 a.m., Defendant called Mrs. Rozelle's place of employment on her work number, using an auto-dialer from telephone number 515.324.9377 in an attempt to collect the Debt.

26.     On or about June 17, 2013, at approximately 4:03 p.m., Defendant called Mrs. Rozelle's cellular phone using an auto-dialer from telephone number 515.324.9377 in an attempt to collect the Debt.

27.     On or about June 17, 2013, at approximately 4:05 p.m., Defendant called Mrs. Rozelle's place of employment on her work number, using an auto-dialer from telephone number 515.324.9377 in an attempt to collect the Debt.

28.     On or about June 17, 2013, at approximately 8:19 p.m., Defendant called Mrs. Rozelle's place of employment on her work number, using an auto-dialer from telephone number 515.324.9377 in an attempt to collect the Debt.  Defendant left a voicemail requesting that Mrs. Rozelle call telephone number 1.800.944.4601.

29.     On or about June 18, 2013, at approximately 9:28 a.m., Defendant called Mrs. Rozelle's place of employment on her work number, using an auto-dialer from telephone number 515.324.9377 in an attempt to collect the Debt.

30.     On or about June 19, 2013, at approximately 9:06 a.m., Defendant called Mrs.

Rozelle's place of employment on her work number, using an auto-dialer from telephone number 1.800.944.4601 in an attempt to collect the Debt.

31. On or about June 19, 2013, at approximately 10:49 a.m., Defendant called Plaintiffs' cellular phone using an auto-dialer from telephone number 1.800.944.4601 in an attempt to collect the Debt.

32. On or about June 19, 2013, at approximately 10:50 a.m., Defendant called Mrs. Rozelle's place of employment on her work number, using an auto-dialer from telephone number 1.800.944.4601 in an attempt to collect the Debt.

33. During the immediately aforementioned call Mrs. Rozelle spoke with Defendant's representative or agent, "Anthony," and again advised that Plaintiffs were represented by Undersigned Counsel. Mrs. Rozelle then told Defendant's agent that she could not speak with him during the work day and while she was at work.

34. On or about June 24, 2013, at approximately 9:00 a.m., Defendant called Mrs. Rozelle's place of employment on her work number, using an auto-dialer from telephone number 1.800.944.4601 in an attempt to collect the Debt. Said call was automatically disconnected after Mrs. Rozelle answered her phone.

35. On or about June 24, 2013, at approximately 10:26 a.m., Defendant called Mrs. Rozelle's place of employment on her work number, using an auto-dialer from telephone number 1.800.944.4601 in an attempt to collect the Debt. Said call was automatically disconnected after Mrs. Rozelle answered her phone.

36. On or about June 25, 2013, Defendant called Mrs. Rozelle's place of employment on her work number, using an auto-dialer from telephone number 1.800.944.4601 in an attempt to collect the Debt.

37. During the immediately aforementioned call, Mrs. Rozelle again spoke with

Defendant's agent or representative, "Courtney."

38.   Mrs. Rozelle reminded Courtney that they had spoken previously and that Plaintiffs had notified Defendant of Undersigned Counsel's representation of Plaintiffs regarding the Debt.

39.   Courtney stated, "Oh, I see that." Mrs. Rozelle advised Courtney that Defendant was breaking the law by continuing to call her and notified Courtney that she had to hang up because she was at her place of employment.

40.   Mrs. Rozelle's supervisor overheard the immediately aforementioned conversation and inquired into what it was about. Mrs. Rozelle felt harassed and embarrassed as a result of her supervisor overhearing this private, personal conversation.

41.   On or about June 28, 2013, at approximately 11:30 a.m., Defendant called Mrs. Rozelle's place of employment on her work number, using an auto-dialer from telephone number 1.800.944.4601 in an attempt to collect the Debt.   Said call was automatically disconnected after Mrs. Rozelle answered her phone.

42.   On or about June 28, 2013, at approximately 3:24 p.m., Defendant called Mrs. Rozelle's place of employment on her work number, using an auto-dialer from telephone number 515.324.9377 in an attempt to collect the Debt.

43.   During the immediately aforementioned call, Mrs. Rozelle s spoke with Defendant's agent or representative, "Marlin," and again instructed Defendant to stop calling her at her place of employment.

44.   Mrs. Rozelle's supervisor again overheard the immediately aforementioned conversation. Mrs. Rozelle suffered more embarrassment as a result.

45.   On or about July 8, 2013, Undersigned Counsel sent Defendant a second notice of representation of Plaintiffs with regard to the Debt via facsimile.

46.     Undersigned Counsel again provided Defendant with Undersigned Counsel's contact information.

47.     Undersigned Counsel again instructed Defendant to cease communicating with Plaintiffs regarding the Debt and to direct any future communications to Undersigned Counsel's office.  Please see attached a true and correct copy of said notice labeled as Exhibit "B1-B5."

48.     On or about July 8, 2013, at approximately 10:03 a.m., Defendant called Plaintiffs' cellular phone using an auto-dialer from telephone number 1.800.944.4601 in an attempt to collect the Debt.  Defendant left a voicemail requesting that Plaintiffs return the call.

49.     On or before July 9, 2013, Defendant sent Plaintiffs a collection letter in an attempt to collect the Debt.

50.     Said collection letter contained the following language: "This communication is an attempt to collect a debt and any information obtained will be used for that purpose."  Please see attached a true and correct copy of said collection letter labeled as Exhibit "C1-C4."

51.     On or about July 9, 2013, at approximately 9:10 a.m., Defendant called Mrs. Rozelle's place of employment on her work number, using an auto-dialer from telephone number 515.324.9377 in an attempt to collect the Debt.  Said call was automatically disconnected after Mrs. Rozelle answered her phone.

52.     On or about July 9, 2013, at approximately 11:09 a.m., Defendant called Mrs. Rozelle's place of employment on her work number, using an auto-dialer from telephone number 515.324.9377 in an attempt to collect the Debt.  Said call was automatically disconnected after Mrs. Rozelle answered her phone.

53.     On or about July 10, 2013, at approximately 2:55 p.m., Defendant called Mrs. Rozelle's place of employment on her work number, using an auto-dialer from telephone number 515.324.9377 in an attempt to collect the Debt.  Said call was automatically disconnected after

Mrs. Rozelle answered her phone.

54. On or about July 10, 2013, at approximately 8:50 a.m., Defendant called Plaintiffs' cellular phone using an auto-dialer from telephone number 515.324.9377 in an attempt to collect the Debt.

55. On or about July 10, 2013, at approximately 1:43 p.m., Defendant called Plaintiffs' cellular phone using an auto-dialer from telephone number 1.800.944.4601 in an attempt to collect the Debt.

56. On or about July 10, 2013, at approximately 2:54 p.m., Defendant called Plaintiffs' cellular phone using an auto-dialer from telephone number 515.324.9377 in an attempt to collect the Debt.

57. On or about July 10, 2013, at approximately 5:13 p.m., Defendant called Mrs. Rozelle's place of employment on her work number, using an auto-dialer from telephone number 1.800.944.4601 in an attempt to collect the Debt.

58. During the immediately aforementioned call, Mrs. Rozelle spoke with Defendant's agent or representative, "Ester Roth."

59. Mrs. Rozelle again advised Defendant that Plaintiffs were represented by Undersigned Counsel regarding the Debt.

60. Mrs. Rozelle advised Ms. Roth that Defendant was breaking the law by continuing to call her and would turn her name over to Undersigned Counsel.

61. Mrs. Rozelle notified Ms. Roth that she had to hang up because she was at her place of employment and could not receive personal phone calls, such as Defendant's Debt collection calls, at her place of employment.

62. Mrs. Rozelle's supervisor again overheard the immediately aforementioned. Mrs. Rozelle felt harassed and embarrassed as a result of her supervisor overhearing this conversation.

63.     On or about July 11, 2013, at approximately 9:11 a.m., Defendant called Mrs. Rozelle's place of employment on her work number, using an auto-dialer from telephone number 515.324.9055 in an attempt to collect the Debt.  Said call was automatically disconnected after Mrs. Rozelle answered her phone.

64.     On or about July 11, 2013, at approximately 11:07 a.m., Defendant called Mrs. Rozelle's place of employment on her work number, using an auto-dialer from telephone number 515.324.9055 in an attempt to collect the Debt. Said call was automatically disconnected after Mrs. Rozelle answered her phone.

65.     On or about July 12, 2013, at approximately 8:58 a.m., Defendant called Mrs. Rozelle's place of employment on her work number, using an auto-dialer from telephone number 515.324.9055 in an attempt to collect the Debt. Said call was automatically disconnected after Mrs. Rozelle answered her phone.

66.     On or about July 12, 2013, at approximately 10:57 a.m., Defendant called Mrs. Rozelle's place of employment on her work number, using an auto-dialer from telephone number 515.324.9055 in an attempt to collect the Debt.  Said call was automatically disconnected after Mrs. Rozelle answered her phone.

67.     On or about July 12, 2013, at approximately 3:18 p.m., Defendant called Mrs. Rozelle's place of employment on her work number, using an auto-dialer from telephone number 515.324.9055 in an attempt to collect the Debt.  Said call was automatically disconnected after Mrs. Rozelle answered her phone.

68.     On or about July 12, 2013, at approximately 4:25 p.m., Defendant called Mrs. Rozelle's place of employment on her work number, using an auto-dialer from telephone number 515.324.9055 in an attempt to collect the Debt.  Said call was automatically disconnected after Mrs. Rozelle answered her phone.

69.    On or about July 13, 2013, at approximately 4:13 p.m., Defendant called Mrs. Rozelle's place of employment on her work number, using an auto-dialer from telephone number 515.324.9055 in an attempt to collect the Debt.  Defendant left a voicemail requesting that Plaintiffs call telephone number 866.767.5948.

70.    On or about July 15, 2013, at approximately 9:13 a.m., Defendant called Mrs. Rozelle's place of employment on her work number, using an auto-dialer from telephone number 515.324.9055 in an attempt to collect the Debt.

71.    On or about July 15, 2013, at approximately 11:51 a.m., Defendant called Mrs. Rozelle's place of employment on her work number, using an auto-dialer from telephone number 515.324.9055 in an attempt to collect the Debt.

72.    Plaintiffs have retained Leavengood, Nash, Dauval & Boyle, P.A. for the purpose of pursuing this matter against Defendant and are obligated to pay their attorneys a reasonable fee for their services.

73.    Florida Statutes, Section 559.77 provides for the award of up to $1,000.00 statutory damages per independent, temporarily displaced violation and an award of attorneys' fees and costs to Plaintiffs should Plaintiffs prevail in this matter.

74.    United States Code Title 47 Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call made using any automatic telephone dialing system or an artificial or pre-recorded voice to Plaintiffs' cellular telephone in violation of the TCPA or the regulations proscribed thereunder.

75.    Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call made using any automatic telephone dialing system or an artificial or prerecorded voice to Plaintiffs' cellular phone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

76.     At all times herein, it would have been possible for Defendant to avoid violating the terms of the TCPA.

77.     At all times herein, Defendant did not have Plaintiffs' prior express consent to use an automatic telephone dialing system or artificial or pre-recorded voice when calling Plaintiffs' cellular phone.

78.     Upon information and belief, based upon the aforementioned allegations, Plaintiffs believe that Defendant telephone calls made to Plaintiffs' cellular telephone using an automatic telephone dialing system or an artificial or pre-recorded voice were made in willful and knowing violation of the TCPA.

79.     As of the date of this complaint, Defendant has not initiated a law suit in an effort to collect the Debt.  Likewise, no final judgment regarding the Debt has been obtained by, or transferred to, Defendant.

## COUNTS ONE THROUGH TWENTY-SEVEN:
## UNFAIR DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORIDA STATUTES SECTION 559.72(4)

Plaintiffs re-allege paragraphs one (1) through seventy-nine (79) as if fully restated herein and further state as follows:

80.     Defendant is subject to, and has violated provisions of, Florida Statutes, Section 559.72(4) by communicating or threatening to communicate with Plaintiff Mrs. Rozelle's employer without her consent or first obtaining a final judgment against Plaintiffs.

81.     Despite being advised by Mrs. Rozelle on several occasions that Mrs. Rozelle could not receive personal calls at work and despite receiving actual knowledge of Undersigned Counsel's representation of Plaintiffs with regard to the Debt, Defendant repeatedly and continuously called Mrs. Rozelle's place of employment.

82.   Defendant's Debt collection calls, in light of Mrs. Rozelle's repeatedly asking Defendant to cease such calls, yet Defendant continuing to call, taken collectively, threatened Mrs. Rozelle with continued Debt collection calls at her place of employment until the Debt was paid.

83.   Specifically, Plaintiff alleges the following independent, temporally displaced factual allegations that support Defendant's violations of Florida Statutes, Section 559.72(4):

## COUNT ONE

a.   On or about June 10, 2013, at approximately 8:30 a.m., Defendant called Mrs. Rozelle's place of employment from telephone number 1.800.944.4601 in an attempt to collect the Debt.

## COUNT TWO

b.   On or about June 14, 2013, Defendant called Mrs. Rozelle's place of employment three (3) times from telephone number 515.324.9377 in an attempt to collect the Debt.

## COUNT THREE

c.   On or about June 17, 2013, at approximately 11:00 a.m., Defendant called Mrs. Rozelle's place of employment from telephone number 515.324.9377 in an attempt to collect the Debt.

## COUNT FOUR

d.   On or about June 17, 2013, at approximately 4:03 p.m., Defendant called Mrs. Rozelle's place of employment from telephone number 515.324.9377 in an attempt to collect the Debt.

## COUNT FIVE

e.    On or about June 17, 2013, at approximately 4:05 p.m., Defendant called Mrs. Rozelle's place of employment from telephone number 515.324.9377 in an attempt to collect the Debt.

## COUNT SIX

f.    On or about June 17, 2013, at approximately 8:19 p.m., Defendant called Mrs. Rozelle's place of employment from telephone number 515.324.9377 in an attempt to collect the Debt.

## COUNT SEVEN

g.    On or about June 18, 2013, at approximately 9:28 a.m., Defendant called Mrs. Rozelle's place of employment from telephone number 515.324.9377 in an attempt to collect the Debt.

## COUNT EIGHT

h.    On or about June 19, 2013, at approximately 9:06 a.m., Defendant called Mrs. Rozelle's place of employment from telephone number 1.800.944.4601 in an attempt to collect the Debt.

## COUNT NINE

i.    On or about June 19, 2013, at approximately 10:50 a.m., Defendant called Mrs. Rozelle's place of employment from telephone number 1.800.944.4601 in an attempt to collect the Debt.

## COUNT TEN

j.    On or about June 24, 2013, at approximately 9:00 a.m., Defendant called Mrs. Rozelle's place of employment from telephone number 1.800.944.4601 in an attempt to collect the Debt.

## COUNT ELEVEN

k.     On or about June 24, 2013, at approximately 10:26 a.m., Defendant called Mrs. Rozelle's place of employment from telephone number 1.800.944.4601 in an attempt to collect the Debt.

## COUNT TWELVE

l.  .    On or about June 25, 2013, Defendant called Mrs. Rozelle's place of employment from telephone number 1.800.944.4601 in an attempt to collect the Debt.

## COUNT THIRTEEN

m.     On or about June 28, 2013, at approximately 11:30 a.m., Defendant called Mrs. Rozelle's place of employment from telephone number 1.800.944.4601 in an attempt to collect the Debt.

## COUNT FOURTEEN

n.     On or about June 28, 2013, at approximately 3:24 p.m., Defendant called Mrs. Rozelle's place of employment from telephone number 515.324.9377 in an attempt to collect the Debt.

## COUNT FIFTEEN

o.     On or about July 9, 2013, at approximately 9:10 a.m., Defendant called Mrs. Rozelle's place of employment from telephone number 515.324.9377 in an attempt to collect the Debt.

## COUNT SIXTEEN

p.     On or about July 9, 2013, at approximately 11:09 a.m., Defendant called Mrs. Rozelle's place of employment from telephone number 515.324.9377 in an attempt to collect the Debt.

## COUNT SEVENTEEN

q.     On or about July 10, 2013, at approximately 2:55 p.m., Defendant called Mrs. Rozelle's place of employment from telephone number 515.324.9377 in an attempt to collect the Debt.

## COUNT EIGHTEEN

r.     On or about July 10, 2013, at approximately 5:13 p.m., Defendant called Mrs. Rozelle's place of employment from telephone number 1.800944.4601 in an attempt to collect the Debt.

## COUNT NINETEEN

s.     On or about July 11, 2013, at approximately 9:11 a.m., Defendant called Mrs. Rozelle's place of employment from telephone number 515.324.9055 in an attempt to collect the Debt.

## COUNT TWENTY

t.     On or about July 11, 2013, at approximately 11:07 a.m., Defendant called Mrs. Rozelle's place of employment from telephone number 515.324.9055 in an attempt to collect the Debt.

## COUNT TWENTY-ONE

u.     On or about July 12, 2013, at approximately 8:58 a.m., Defendant called Mrs. Rozelle's place of employment from telephone number 515.324.9055 in an attempt to collect the Debt.

## COUNT TWENTY-TWO

v.     On or about July 12, 2013, at approximately 10:57 a.m., Defendant called Mrs. Rozelle's place of employment from telephone number 515.324.9055 in an attempt to collect the Debt.

## COUNT TWENTY-THREE

w.     On or about July 12, 2013, at approximately 3:18 p.m., Defendant called Mrs. Rozelle's place of employment from telephone number 515.324.9055 in an attempt to collect the Debt.

## COUNT TWENTY-FOUR

x.     On or about July 12, 2013, at approximately 4:25 p.m., Defendant called Mrs. Rozelle's place of employment from telephone number 515.324.9055 in an attempt to collect the Debt.

## COUNT TWENTY-FIVE

y.     On or about July 13, 2013, at approximately 4:13 p.m., Defendant called Mrs. Rozelle's place of employment from telephone number 515.324.9055 in an attempt to collect the Debt.

## COUNT TWENTY-SIX

z.     On or about July 15, 2013, at approximately 9:13 a.m., Defendant called Mrs. Rozelle's place of employment from telephone number 515.324.9055 in an attempt to collect the Debt.

## COUNT TWENTY-SEVEN

aa.     On or about July 15, 2013, at approximately 11:51 a.m., Defendant called Mrs. Rozelle's place of employment from telephone number 515.324.9055 in an attempt to collect the Debt.

84.     As a direct and proximate result of Defendant's actions, Plaintiff Mrs. Rozelle has sustained damages as defined by Florida Statutes, Section 559.77.

**WHEREFORE,** Plaintiff Mrs. Rozelle requests this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent, temporarily displaced violation,

actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT TWENTY-EIGHT:
## UNFAIR DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORIDA STATUTES SECTION 559.72(7)

Plaintiffs re-allege paragraphs one (1) through seventy-nine (79) as if fully restated herein and further state as follows:

85.    Defendant is subject to, and has violated provisions of, Florida Statutes, Section 559.72(7) by collecting consumer Debt from Plaintiffs through means which can reasonably be expected to abuse or harass Plaintiffs.

86.    Specifically, Defendant made numerous collection calls to both Plaintiffs' cellular phone and Plaintiff Mrs. Rozelle's place of employment, despite actual knowledge of Undersigned Counsel's representation and actual knowledge that Plaintiff Mrs. Rozelle was prohibited from receiving said calls at work.

87.    Furthermore, Plaintiff Mrs. Rozelle's supervisor overheard at least three conversations regarding the Debt.

88.    Plaintiffs have suffered severe stress, anxiety, inconvenience, and frustration as a result of the collection attempts.

89.    Defendant's willful and flagrant violation of, *inter alia*, the Florida Consumer Collections Practices Act as a means to collect a Debt, constitutes unlawful conduct and harassment as is contemplated under Florida Statutes, Section 559.72(7).

90.    As a direct and proximate result of Defendant's actions, Plaintiffs have sustained damages as defined by Florida Statutes, Section 559.77.

**WHEREFORE,** Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

### COUNTS TWENTY-NINE THROUGH FIFTY-ONE
### UNFAIR DEBT COLLECTION PRACTICE –
### VIOLATION OF FLORIDA STATUTES SECTION 559.72(18)

Plaintiffs re-allege paragraphs one (1) through seventy-nine (79) as if fully restated herein and further state as follows:

91.     Defendant is subject to, and has violated provisions of, Florida Statutes, Section 559.72(18) by intentionally and repeatedly communicating with Plaintiffs after being given actual notice that Plaintiffs was represented by counsel with regard to the underlying Debt.

92.     Despite receiving several notices of Undersigned Counsel's representation of Plaintiffs regarding the Debt both from Undersigned Counsel and from Plaintiffs, Defendant continued communicating with Plaintiffs regarding the Debt by making collection calls to Plaintiffs' cellular telephone and Plaintiff Mrs. Rozelle's work phone and by sending a collection letter in attempts to collect the Debt. *See* Exhibits "A1-A5," "B1-B5," and "C1-C4."

93.     Specifically, Plaintiff alleges the following independent, temporally displaced factual allegations that support Defendant's violations of Florida Statutes, Section 559.72(18):

### COUNT TWENTY-NINE

a.      On or about June 14, 2013, Defendant called Mrs. Rozelle's place of employment three (3) times from telephone number 515.324.9377 in an attempt to collect the Debt.

## COUNT THIRTY

b.    On or about June 17, 2013, at approximately 11:00 a.m., Defendant called Mrs. Rozelle's place of employment from telephone number 515.324.9377 in an attempt to collect the Debt.

## COUNT THIRTY-ONE

c.    On or about June 17, 2013, at approximately 4:03 p.m., Defendant called Plaintiffs' cellular phone from telephone number 515.324.9377 in an attempt to collect the Debt.

## COUNT THIRTY-TWO

d.    On or about June 17, 2013, at approximately 4:05 p.m., Defendant called Mrs. Rozelle's place of employment from telephone number 515.324.9377 in an attempt to collect the Debt.

## COUNT THIRTY-THREE

e.    On or about June 17, 2013, at approximately 8:19 p.m., Defendant called Mrs. Rozelle's place of employment from telephone number 515.324.9377 in an attempt to collect the Debt.

## COUNT THIRTY-FOUR

f.    On or about June 18, 2013, at approximately 9:28 a.m., Defendant called Mrs. Rozelle's place of employment from telephone number 515.324.9377 in an attempt to collect the Debt.

## COUNT THIRTY-FIVE

g.    On or about June 19, 2013, at approximately 9:06 a.m., Defendant called Mrs. Rozelle's place of employment from telephone number 1.800.944.4601 in an attempt to collect the Debt.

### COUNT THIRTY-SIX

h.      On or about June 19, 2013, at approximately 10:49 a.m., Defendant called Plaintiffs' cellular phone from telephone number 1.800.944.4601 in an attempt to collect the Debt.

### COUNT THIRTY-SEVEN

i.      On or about June 19, 2013, at approximately 10:50 a.m., Defendant called Mrs. Rozelle's place of employment from telephone number 1.800.944.4601 in an attempt to collect the Debt.

### COUNT THIRTY-EIGHT

j.      On or about June 24, 2013, at approximately 9:00 a.m., Defendant called Mrs. Rozelle's place of employment from telephone number 1.800.944.4601 in an attempt to collect the Debt.

### COUNT THIRTY-NINE

k.      On or about June 24, 2013, at approximately 10:26 a.m., Defendant called Mrs. Rozelle's place of employment from telephone number 1.800.944.4601 in an attempt to collect the Debt.

### COUNT FORTY

l.      On or about June 25, 2013, Defendant called Mrs. Rozelle's place of employment from telephone number 1.800.944.4601 in an attempt to collect the Debt.

### COUNT FORTY-ONE

m.      On or about June 28, 2013, at approximately 11:30 a.m., Defendant called Mrs. Rozelle's place of employment from telephone number 1.800.944.4601 in an attempt to collect the Debt.

### COUNT FORTY-TWO

n.    On or about June 28, 2013, at approximately 3:24 p.m., Defendant called Mrs. Rozelle's place of employment from telephone number 515.324.9377 in an attempt to collect the Debt.

### COUNT FORTY-THREE

o.    On or about July 8, 2013, at approximately 10:03 a.m., Defendant called Plaintiffs' cellular phone from telephone number 1.800.944.4601 in an attempt to collect the Debt.

### COUNT FORTY-FOUR

p.    On or before July 9, 2013, Defendant sent Plaintiffs a collection letter in an attempt to collect the Debt. *See* Exhibit "C1-C4."

### COUNT FORTY-FIVE

q.    On or about July 9, 2013, at approximately 9:10 a.m., Defendant called Mrs. Rozelle's place of employment from telephone number 515.324.9377 in an attempt to collect the Debt.

### COUNT FORTY-SIX

r.    On or about July 9, 2013, at approximately 11:09 a.m., Defendant called Mrs. Rozelle's place of employment from telephone number 515.324.9377 in an attempt to collect the Debt.

### COUNT FORTY-SEVEN

s.    On or about July 10, 2013, at approximately 2:55 p.m., Defendant called Mrs. Rozelle's place of employment from telephone number 515.324.9377 in an attempt to collect the Debt.

## COUNT FORTY-EIGHT

t.     On or about July 10, 2013, at approximately 8:50 a.m., Defendant called Plaintiffs' cellular phone from telephone number 515.324.9377 in an attempt to collect the Debt.

## COUNT FORTY-NINE

u.     On or about July 10, 2013, at approximately 1:43 p.m., Defendant called Plaintiffs' cellular phone from telephone number 1.800.944.4601 in an attempt to collect the Debt.

## COUNT FIFTY

v.     On or about July 10, 2013, at approximately 2:54 p.m., Defendant called Plaintiffs' cellular phone from telephone number 515.324.9377 in an attempt to collect the Debt.

## COUNT FIFTY-ONE

w.     On or about July 10, 2013, at approximately 5:13 p.m., Defendant called Mrs. Rozelle's place of employment from telephone number 1.800.944.4601 in an attempt to collect the Debt.

94.     As a direct and proximate result of Defendant's actions, Plaintiffs have sustained damages as defined by Florida Statutes Section 559.77.

**WHEREFORE,** Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent violation, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT FIFTY-TWO:
## TELEPHONE CONSUMER PROTECTION ACT-
## VIOLATION OF 47 U.S.C. 227(b)(1)(A)

Plaintiffs re-allege paragraphs one (1) through seventy-nine (79) as if fully restated herein and further state as follows:

95.     Defendant is subject to, and has violated the provisions of, 47 U.S.C. 227 (b)(1)(A) by using an automatic telephone dialing system or an artificial or pre-recorded voice to call a telephone number assigned to a cellular telephone service without Plaintiffs' prior express consent.

96.     To the extent Defendants did have such prior express consent, such consent was revoked upon Defendant's receipt of written notice of Undersigned Counsel's representation of Plaintiffs regarding the Debt.  Said notice explicitly stated that any prior express consent was revoked. *See* Exhibit "A1-A2."

97.     Furthermore, such consent was revoked numerous times wherein Plaintiffs told Defendant not to call them again and told Defendant that they were represented by Undersigned Counsel with regard to the Debt.

98.     The phone calls made by Defendant complained of herein are the result of a repeated willful and knowing violation of the TCPA, and Defendant placed at least twenty-three (23) unlawful calls to Plaintiffs' cellular telephone.

99.     As a direct and proximate result of Defendant's conduct, Plaintiffs have suffered:

    a.     The periodic loss of cellular phone service;

    b.     Lost material costs associated with the use of peak time cellular phone minutes allotted under their cellular phone service contract.

    c.     The expenditure of costs and attorney's fees associated with the prosecution of this matter, along with other damages which have been lost;

d.     Stress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA; and

e.     Statutory damages.

**WHEREFORE**, Plaintiffs request this Court enter a judgment against Defendant for $500.00 statutory damages per violation of the TCPA, treble statutory damages per knowing and willful violation of the TCPA, actual damages, costs, interest, including but limited to those awardable pursuant to the TCPA, and such other equitable relief this Court deems appropriate.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

100.   Plaintiff hereby gives notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence—paper or electronic documents or data—pertaining to this potential litigation as required by law.

## DEMAND FOR JURY TRIAL

101.   Plaintiffs hereby demand a trial by jury on all issues triable by right.

Respectfully Submitted,

**LEAVENGOOD & NASH**

*/s/ Aaron M. Swift*
☐ **Ian R. Leavengood, Esq., FBN 10167**
[X] **Aaron M. Swift, Esq., FBN 93088**
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone: (727) 327-3328
Fax: (727) 327-3305
aswift@leavenlaw.com
consumerservice@leavenlaw.com
*Attorneys for Plaintiffs*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA                )
                                )
COUNTY OF PINELLAS              )

Plaintiffs DEBORAH ROZELLE, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

DEBORAH ROZELLE

Subscribed and sworn to before me
this 25 day of Oct , 2013.

Notary Public

My Commission Expires:

Proof of I.D.: D-L .

ASHLEY R. PATRICK
MY COMMISSION # EE048638
EXPIRES December 13, 2014
(407) 398-0153  FloridaNotaryService.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA                          )
                                          )
COUNTY OF PINELLAS                        )

Plaintiffs JOHN ROZELLE, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

JOHN ROZELLE

Subscribed and sworn to before me
this 25 day of OCt , 2013.

Notary Public

My Commission Expires:

Proof of I.D.: D. L.



ASHLEY R. PATRICK
MY COMMISSION # EE048638
EXPIRES December 13, 2014
(407) 398-0153   FloridaNotaryService.com